UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL THOMAS,<br><br>   Plaintiff,<br><br> v.<br><br>J. CASTRO, et al.,<br><br>   Defendants. | No. 1:24-cv-00507 GSA (PC)<br><br>ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY:<br><br>(1) THIS MATTER SHOULD NOT BE SUMMARILY DISMISSED AS UNTIMELY FILED, AND<br><br>(2) PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT SHOULD NOT BE DENIED AS MOOT<br><br>PLAINTIFF'S SHOWING OF CAUSE OR, IN THE ALTERNATIVE, THE VOLUNTARY DISMISSAL OF THIS CASE, DUE IN SEVEN DAYS |

  Plaintiff, a county jail inmate proceeding pro se, and in forma pauperis,[1] has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

  Before this Court is Plaintiff's complaint and his motion to file a first amended complaint ("FAC"). ECF Nos, 1, 8, respectively. For the reasons stated below, Plaintiff will be ordered to show cause why this matter should not be summarily dismissed as untimely and why his motion

---

[1] Plaintiff is currently incarcerated at Minnehaha County Jail located in Sioux Falls, South Dakota. See ECF No. 1 at 1 (case caption of pleading).

1

for leave to file a FAC should not be denied as moot.  Plaintiff's showing of cause or, in the alternative, his voluntary dismissal of this action is due in seven days.

I.   PROCEDURAL HISTORY

On April 17, 2024, Plaintiff's complaint and his application to proceed in forma pauperis were constructively filed.[2]  See ECF No. 1 at 6; see also ECF No. 2 at 2 (signature dates of Plaintiff's complaint and in forma pauperis application, respectively).  A few days later, Plaintiff's application to proceed in forma pauperis was granted.  ECF No. 4.  On January 22, 2025, the instant motion for leave of court to file a first amended complaint filed by Plaintiff was docketed.  ECF No. 8.  Plaintiff's FAC was also docketed on that day.  See ECF No. 9.

II.   PLAINTIFF'S COMPLAINT

A.  Relevant Facts

Plaintiff, an inmate at Kern Valley State Prison ("KVSP") at the time of the incidents in question, names two KVSP employees as defendants in this action:  Associate Warden J. Castro, and Hernandez, a Correctional Counselor II.  ECF No. 1 at 1-2.  He raises two claims.  See id. at 9-14.

Plaintiff states that he has four herniated lumbar discs and five bulging cervical discs along with a number of other medical conditions.  See ECF No. 1 at 8-9.  As a result, for many years, Plaintiff has been treated for his conditions with various medications and Toradol shots.  See id. at 9.  However, Plaintiff states that after being tapered off some of his medications in August of 2017, his physical condition declined, and by April of 2019, an MRI indicated that his condition had worsened.  See id.

1.  Claim One: Hernandez

In Claim One, Plaintiff contends that on April 16, 2019, he filled out a reasonable accommodations request.  ECF No. 1 at 9-10.  In it, Plaintiff asked that he be permitted to wear

---

[2] When a prisoner gives prison authorities a pleading to mail to the court, the court deems it constructively "filed" on the date that it is signed.  Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010).  A court also assumes that a prisoner turns his pleading over to prison authorities on the same day that he signs it.  See, e.g., Porter v. Ollison, 620 F.3d 952, 955 n.2 (9th Cir. 2010).

1  his own personal shoes instead of state-issued shoes, because the state shoes lacked shock
2  absorption, and walking in them sent painful shocks and vibrations throughout his body.  Id.
3       Plaintiff states that Defendant Castro assigned Defendant Hernandez to investigate
4  Plaintiff's claims.  ECF No. 1 at 10.  Ultimately, Plaintiff claims that Defendant Hernandez
5  violated his Eighth Amendment right to be free from deliberate indifference to his serious
6  medical needs when, on April 18, 2019, he told an interviewing officer that Plaintiff attended
7  yard, his medical appointments, and classes on a regular basis.  Id.  This left the impression that
8  Plaintiff was able to walk around just fine with his current shoes, and that as a result, Plaintiff did
9  not need the reasonable accommodation that he had requested.  See id.  Thereafter, Plaintiff
10 contends, Defendant Castro failed to take corrective action.  See id. at 10-11.
11              2.  Claim Two: Hernandez & Castro
12      In Claim Two, Plaintiff alleges Eighth Amendment deliberate indifference to serious
13 medical need violations against both Defendant Hernandez and Defendant Castro.  See ECF No.
14 1 at 11-14.  The gravamen of this claim is that Defendants violated these rights when, on October
15 24, 2019, Plaintiff received a RAP Response (dated 10/9/10) and learned that he was being denied
16 a wheelchair accommodation and   that Defendant Hernandez had lied again, stating that an
17 officer in the housing unit stated that Plaintiff attended yard, medical and classes on a regular
18 basis with his walker and sometimes with a caregiver, instead of stating the truth, i.e. that Plaintiff
19 rarely did any of those things because he was in too much pain.  See id. at 12-13.  Plaintiff further
20 claims that this time, Defendant Castro signed off on the findings, knowing full well that they
21 were untrue.  Id. at 13-14.  He contends that Defendant Hernandez's creation of false staff
22 interviews and Defendant Castro's failure to take corrective action, despite the fact that she knew
23 that Defendant Hernandez had lied about the interviews, both constituted deliberate indifference
24 to his serious medical needs.  See id. at 14.
25            B.  Harm Caused and Remedy Sought
26      Plaintiff asserts that Defendants' actions and inactions caused him pain, suffering,
27 physical injury and emotional distress.  ECF No. 1 at 15.  He seeks declaratory relief as well as
28 compensatory and punitive damages from Defendants.  Id.  Plaintiff also asks for the recovery of

his costs. Id.

III. APPLICABLE LAW

In federal court, federal law determines when a claim accrues, and "under federal law, a claim accrues 'when the plaintiff knows or has reason to know of the injury which is the basis of the action.'" Lukovsky v. City and County of San Francisco, 535 F.3d 1044, 1048 (9th Cir. 2008) (quoting Two Rivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999)). In the absence of a specific statute of limitations, federal courts should apply the forum state's statute of limitations for personal injury actions. Lukovsky, 535 F.3d at 1048; Jones v. Blanas, 393 F.3d 918, 927 (2004); Fink, 192 F.3d at 914. California's two-year statute of limitations for personal injury actions applies to 42 U.S.C. § 1983 claims. See Jones, 393 F.3d at 927. California's statute of limitations for personal injury actions requires that the claim be filed within two years. Cal. Code Civ. Proc., § 335.1.

In actions where the federal court borrows the state statute of limitations, the court should also borrow all applicable provisions for tolling the limitations period found in state law. See Hardin v. Straub, 490 U.S. 536, 539, 109 S.Ct. 1998, 2000 (1989). Pursuant to California Code of Civil Procedure, § 352.1, a two-year limit on tolling is imposed on prisoners. Section 352.1 provides, in pertinent part, as follows:

> (a) If a person entitled to bring an action, . . . is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years.

Cal. Code Civ. Proc., § 352.1.

The equitable tolling doctrine also tolls the statute of limitations while exhaustion occurs. Donoghue v. County of Orange, 848 F.2d 926, 930-31 (9th Cir. 1988); Addison v. State of California, 21 Cal.3d 313, 318 (1978). Additionally, whether an inmate is entitled to equitable tolling is decided by state law except to the extent that it is inconsistent with federal law. Jones, 393 F.3d at 927. The Ninth Circuit has recognized that prisoners relying on the California statute

4

of limitations are entitled to equitable tolling of the statute of limitations while completing the mandatory exhaustion process. See Brown v. Valoff, 422 F.3d 926, 943 (9th Cir. 2005). "Where exhaustion of an administrative remedy is mandatory prior to filing suit, equitable tolling is automatic: 'It has long been settled in this and other jurisdictions that whenever the exhaustion of administrative remedies is a prerequisite to the initiation of a civil action, the running of the limitations period is tolled during the time consumed by the administrative proceeding.'" McDonald v. Antelope Valley Cmty. Coll. Dist., 45 Cal. 4th 88, 101 (2008) (quoting Elkins v. Derby,12 Cal. 3d 410, 414 (1974); cf. Code Civ. Proc. § 356 [tolling applies whenever commencement of an action is statutorily prohibited].).

IV. DISCUSSION

A. Complaint Is Untimely Filed

Plaintiff's complaint clearly indicates that the action and inaction on the part of Defendants Hernandez and Castro that he argues violated his Eighth Amendment rights occurred on April 18, 2019, and on October 24, 2019. See ECF No. 1 at 10, 12-13. As previously stated, Plaintiff's complaint was constructively filed on April 17, 2024, the date that he signed it. See id. at 6. As discussed below, this means that both Claim One and Claim Two of the complaint are untimely.

1. Claim One Is Untimely Filed

With respect to Claim One, the amount of time between April 18, 2019, and April 17, 2024, is four years, eleven months and thirty days. Allowing for the fact that consistent with state and federal law, Plaintiff had four years from April 18, 2019, when he knew of Defendant Hernandez's violation of his Eighth Amendment right to be free from deliberate indifference to serious medical needs, absent any equitable tolling for exhaustion, Plaintiff is almost a full year late in filing Claim One against Defendant Hernandez in this Court.

2. Claim Two Is Untimely Filed

With respect to the Eighth Amendment deliberate indifference claim that Plaintiff has made in Claim Two of the complaint against both Defendant Hernandez and Defendant Castro, because Plaintiff states that he learned of Defendants' action and inaction on October 24, 2019,

1  the Court finds that this claim is also untimely. Plaintiff had four years from October 24, 2019, to

2  file this claim in federal court. However, as with Claim One, Plaintiff filed it on April 17, 2024,

3  the date that he signed the complaint. See ECF No. 1 at 6. The amount of time between October

4  24, 2019, and April 17, 2024, is four years, five months and twenty-two days. Therefore, Claim

5  Two is also untimely because it was filed almost six months after the four-year statute of

6  limitations period to file claims in federal court had run.

7                B.    Dismissal of Case and Denial of In Forma Pauperis Application Are Warranted

8           Given these facts, it must be recommended that this matter be summarily dismissed as

9  having been untimely filed by Plaintiff. Consistent with this recommendation, it should also be

10 recommended that Plaintiff's motion for leave to file a FAC be denied as moot. However, prior

11 to making these recommendations, Plaintiff will be ordered to show cause why they should not be

12 made. As an alternative to filing the showing of cause, Plaintiff may also voluntarily dismiss this

13 matter pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). He will be given seven days to

14 take either course of action.

15         Accordingly, IT IS HEREBY ORDERED that:

16         1. Plaintiff is ordered to SHOW CAUSE why:

17             a.  The complaint should not be SUMMARILY DISMISSED as UNTIMELY FILED,

18 and

19             b.  The motion to file a first amended complaint should not be DENIED as MOOT;

20         2. As an ALTERNATIVE to filing the showing of cause, Plaintiff may VOLUNTARILY

21 DISMISS this matter, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), and

22         3. Plaintiff will have seven days to take either course of action.

IT IS SO ORDERED.

   Dated:   **August 14, 2025**                    **/s/ Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE