| | |
|---|---|
| MICHAEL THOMAS,<br><br>          Plaintiff,<br><br>     v.<br><br>J. CASTRO, et al.,<br><br>          Defendants. | No. 1:24-cv-00507-KES-SAB (PC)<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE AND GRANTING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT<br><br>(ECF Nos. 8, 10) |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Plaintiff is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

**I.**

**BACKGROUND**

Plaintiff filed the instant action on April 29, 2024. (ECF No. 1.)

On January 22, 2025, Plaintiff filed a motion for leave to file an amended complaint, along with a copy of the proposed first amended complaint. (ECF Nos. 8, 9.)

On August 14, 2025, the Court ordered Plaintiff to show cause why the action should not be dismissed as barred by the statute of limitations. (ECF No. 10.) On August 25, 2025, Plaintiff filed a response to the order to show cause. (ECF No. 11.)

The case was transferred to the undersigned on October 3, 2025. (ECF No. 12.)

1

**II.**

**DISCUSSION**

**A.     Order to Show Cause as to Statute of Limitations**

As stated above, Plaintiff was ordered to show cause why the action should not be dismissed as barred by the statute of limitations and the motion to amend the complaint be denied as moot.  (ECF No. 10.)

In his response, Plaintiff argues that he is within the statute of limitations for filing this case based on the applicable tolling.  (ECF No. 11.)

Based on a review of Plaintiff's response to the order to show cause and the allegations therein, the Court finds that it is not absolutely clear whether Plaintiff's claims are barred by the applicable statute of limitations.  Accordingly, the Court will discharge the order to show cause.  However, this order does not preclude the filing of a later motion for summary judgment on the ground that Plaintiff's claims are barred by the statute of limitations.

**B.     Motion to Amend**

As previously stated, on January 22, 2025, Plaintiff filed a motion requesting leave to amend his complaint. (ECF No. 8.)  Plaintiff seeks to bring claims under the Americans with Disabilities Act and Rehabilitation Act against Defendants.  (Id. at 1.)  Plaintiff submits that the actual factual allegations in the proposed first amended complaint are unchanged from the original complaint.  (Id.)

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). "Rule 15(a) is very liberal and leave to amend shall be freely given when justice so requires." AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (citation and quotation omitted).  However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." Id.

In considering the relevant factors, the Court finds no evidence of prejudice, bad faith, undue delay in litigation, or futility.  No Defendants have been served or have appeared in this action, and Plaintiff sought leave to amend prior to the screening of the initial complaint. Accordingly, Plaintiff's motion to amend shall be granted. The Court will screen Plaintiff's first amended complaint in due course.

## III.
## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. The order to show cause issued on August 14, 2025, (ECF No. 10), is DISCHARGED;
2. Plaintiff's motion for leave to amend the complaint filed on January 22, 2025, (ECF No. 8), is GRANTED; and
3. The Court will screen Plaintiff's first amended complaint in due course.

IT IS SO ORDERED.

Dated:   **November 19, 2025**

STANLEY A. BOONE
United States Magistrate Judge